IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT MOHR and KSG OF OHIO, L.L.C., | § § | CASE NO. 3:2007-cv-01004 Judge: James G. Carr |
| Plaintiffs, | § § | |
| Vs. | § § | |
| KOKOPELLI FRANCHISE COMPANY, L.L.C., | § § § | DEFENDANT'S MOTION TO DISMISS UNDER F.R.C.P. 12(b)(1)-(3) and (6) OR IN THE ALTERNATIVE TRANSFER |
| Defendant. | § § | VENUE AND COMPEL ARBITRATION |

_____

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Kokopelli Franchise Company, L.L.C. ["Defendant"], and submits this Defendant's Motion to Dismiss For Lack of Subject Matter Jurisdiction Under Federal Rule of Civil Procedure 12(b)(1), Lack of Personal Jurisdiction under F.R.C.P. 12(b)(2), For Improper Venue Under F.R.C.P. 12(b)(3) and for Failure to State a Claim Upon Which Relief Can Be Granted Under F.R.C.P. 12(b)(6), or, in the Alternative, Motion to Transfer Venue and Compel Arbitration and would respectfully show the Court the following:

**DEFENDANT'S MOTION TO DISMISS UNDER F.R.C.P. 12(b)(1)-(3)**          **1**
**AND (6) OR IN THE ALTERNATIVE TRANSFER VENUE AND COMPEL**
**ARBITRATION**

1)      The parties entered into a valid and enforceable Franchise Agreement and Area Development Agreement, both dated October 15, 2004 [collectively the "Agreements"]. All of Plaintiffs' claims arise out of these Agreements.  *See Exhibits A and B*.

2)      Plaintiff KSG of Ohio, L.L.C. is the franchisee of Defendant, and a party to the Franchise Agreement, pursuant to the Transfer of Franchise To A Corporation executed by the parties, integrated into the Franchise Agreement, and attached to the Franchise Agreement as Exhibit F.  *See Exhibit A, Pages 16-17*.

3)      Plaintiff Robert Mohr entered into an Area Development Agreement with Defendant, as one of the original franchisees, and is obligated under its terms.  Mohr is also a former member of KSG of Ohio, L.L.C., an original signator to the Franchise Agreement, and a Guarantor of KSG of Ohio, L.L.C.'s obligations under the Franchise Agreement.  *See Exhibit A, Pages 4, 9-17; Exhibit B, Pages 3, 6*.

4)      The Agreements contain valid, enforceable, and irrevocable provisions pursuant to which the parties agreed to submit to the local, state, and federal courts of Maricopa County, Arizona with regard to any litigation between the parties as follows:

Franchise Agreement: "ARTICLE XXIX  APPLICABLE LAW AND VENUE

    29.1    This Agreement takes effect upon its acceptance and execution by Franchisor in Arizona, and shall be interpreted and construed under the laws of Arizona, which laws shall prevail in the event of any conflict of law.
    29.2    No right or remedy conferred upon or reserved to Franchisor or Franchisee by this Agreement is intended to be, nor shall be deemed, exclusive of any other right or remedy in this Agreement or by law or equity provided or permitted, but each shall be cumulative of every other right or remedy.
    29.3    Nothing contained in this Agreement shall bar Franchisor's right to seek injunctive relief against threatened conduct that will cause it loss or damages, under the usual equity rules, including the applicable rules for obtaining restraining orders and preliminary injunctions.

**DEFENDANT'S MOTION TO DISMISS UNDER F.R.C.P. 12(b)(1)-(3)**          **2**
**AND (6) OR IN THE ALTERNATIVE TRANSFER VENUE AND COMPEL**
**ARBITRATION**

29.4    Franchisee acknowledges that Franchisee has and will continue to develop a substantial and continuing relationship with Franchisor at its principal offices in the State of Arizona, where Franchisor's decision-making authority is vested and franchise operations are conducted and supervised. Therefore, the parties irrevocably agree and consent that in any action or proceeding brought by either party to this Agreement, each will submit to the exclusive jurisdiction and venue of any local, state or federal court located in Maricopa County, Arizona." *See Exhibit A, Page 6.*

Area Development Agreement: SECTION XVIII  <u>ENTIRE AGREEMENT - APPLICABLE LAW</u>

This Agreement, the documents referred to herein and the Exhibits attached hereto constitute the entire, full and complete agreement between KOKOPELLI MEXICAN GRILL and Area Developer concerning the subject matter hereof and supersede any and all prior agreements.  No amendment, change or variance from this Agreement shall be binding on either party unless mutually agreed to by the parties and executed by their authorized officers or agents in writing.  This Agreement shall be interpreted and construed under the laws of the State of Arizona, and the parties hereto consent to irrevocably submit to the jurisdiction of all courts located within the State of Arizona, County of Maricopa.  *See Exhibit B, Page 4.*

5)    The Agreements contain valid, enforceable, and irrevocable arbitration provisions pursuant to which the parties agreed that all contract disputes between the parties shall be resolved in Arbitration, under the rules of the American Arbitration Association, and that the Arbitration shall take place in Maricopa County, Arizona.

Franchise Agreement: " ARTICLE XXX  ARBITRATION

30.2    EXCEPT AS SPECIFICALLY OTHERWISE PROVIDED IN THIS AGREEMENT, THE PARTIES AGREE THAT ALL CONTRACT DISPUTES THAT CANNOT BE AMICABLY SETTLED BETWEEN THEM SHALL BE DETERMINED SOLELY AND EXCLUSIVELY BY ARBITRATION UNDER THE FEDERAL ARBITRATION ACT, AS AMENDED, AND IN ACCORDANCE WITH THE RULES OF THE AMERICAN ARBITRATION ASSOCIATION OR ANY SUCCESSOR THEREOF.  ARBITRATION SHALL TAKE PLACE IN MARICOPA COUNTY, ARIZONA.

30.4    NOTHING CONTAINED IN THIS AGREEMENT SHALL BAR EITHER PARTY FROM SEEKING AND OBTAINING TEMPORARY AND PERMANENT INJUNCTIVE RELIEF FROM A COURT OF COMPETENT JURISDICTION CONSISTENT WITH THIS ARTICLE XXX IN ACCORDANCE WITH APPLICABLE LAW AGAINST THREATENED CONDUCT THAT WILL, IN SUCH PARTY'S DISCRETION, CAUSE SUCH PARTY LOSS OR DAMAGE.  *See Exhibit A, Pages 7-8.*

Area Development Agreement:  "ARTICLE XIX  ARBITRATION

19.2  EXCEPT AS SPECIFICALLY OTHERWISE PROVIDED IN THIS AGREEMENT, THE PARTIES AGREE THAT ALL CONTRACT DISPUTES THAT CANNOT BE AMICABLY SETTLED SHALL BE DETERMINED SOLELY AND EXCLUSIVELY BY ARBITRATION UNDER THE FEDERAL ARBITRATION ACT AS AMENDED AND IN ACCORDANCE WITH THE RULES OF THE AMERICAN ARBITRATION ASSOCIATION OR ANY SUCCESSOR THEREOF. ARBITRATION SHALL TAKE PLACE AT AN APPOINTED TIME AND PLACE IN THE STATE OF ARIZONA, COUNTY OF MARICOPA.
19.4    NOTHING HEREIN CONTAINED SHALL BAR THE RIGHT OF EITHER PARTY TO SEEK AND OBTAIN TEMPORARY AND PERMANENT INJUNCTIVE RELIEF FROM A COURT OF COMPETENT JURISDICTION CONSISTENT WITH ARTICLE XIX HEREOF IN ACCORDANCE WITH APPLICABLE LAW AGAINST THREATENED CONDUCT THAT WILL IN ALL PROBABILITY CAUSE LOSS OR DAMAGE TO AREA DEVELOPER OR COMPANY."  *See Exhibit B, Pages 4-5.*

6)    This Court lacks subject matter jurisdiction over all of Plaintiffs' claims based upon the choice of forum and choice of law provisions in the Agreements.

7)    This Court lacks subject matter jurisdiction over all of Plaintiff's claims, as the same or related claims are pending before the United States District Court, District of Arizona, and before the American Arbitration Association, in Maricopa County, Arizona.

8)    The Agreements contain a provision that time-bar Plaintiffs from bringing any claims against Defendant more than one year after the event giving rise to the cause of action or claim.  *See Exhibit A, Page 8; Exhibit B, Page 5.*  All of Plaintiffs' claims are

**DEFENDANT'S MOTION TO DISMISS UNDER F.R.C.P. 12(b)(1)-(3)**       **4**
**AND (6) OR IN THE ALTERNATIVE TRANSFER VENUE AND COMPEL**
**ARBITRATION**

time-barred, and thus Plaintiffs' Complaint fails to state a claim upon which this Court may grant relief.

8)      Defendant is a resident of Arizona and Texas, and does not have minimum contacts with Ohio for this Court to exercise personal jurisdiction.  Plaintiffs have failed to meet their burden to demonstrate that this Court has personal jurisdiction over Defendant.

7)      Venue is not proper in this Court, pursuant to the Agreements between the parties which call for litigation before the local, state, or federal courts of Maricopa County, Arizona, and arbitration of all contract disputes between the parties by Arbitration under the rules of the American Arbitration Association, with venue in Maricopa County, Arizona.

8)      Plaintiffs' Complaint must be dismissed for lack of subject matter jurisdiction under F.R.C.P 12(b)(1), lack of personal jurisdiction under F.R.C.P. 12(b)(2), improper venue under F.R.C.P. 12(b)(3), and failure to state a claim upon which relief may be granted under F.R.C.P. 12(b)(6).  Alternatively, based upon the Agreements, pursuant to which the parties irrevocably consented to jurisdiction and venue in Maricopa County, Arizona, this Court should transfer venue to Maricopa County Arizona and compel Arbitration in Maricopa County, Arizona.

Respectfully submitted,

s/ Erika L. Gustafson

_____
Erika L. Gustafson
Corporate Counsel
Kokopelli Franchise Company, L.L.C.
2808 Cole Ave.
Dallas, Texas 75204
(972) 514-9111

**DEFENDANT'S MOTION TO DISMISS UNDER F.R.C.P. 12(b)(1)-(3)**                    5
**AND (6) OR IN THE ALTERNATIVE TRANSFER VENUE AND COMPEL**
**ARBITRATION**

(214) 485-2091 Fax
erikagustafson@gmail.com
Tx. Bar No. 24050701

Attorney for Defendant

## CERTIFICATE OF CONFERENCE

Counsel for the Defendant conferred with counsel for Plaintiffs on April 20, 2007, during which counsel for the Defendant explained the nature of this Motion To Dismiss or in the Alternative Transfer Venue and Compel Arbitration, and Memorandum of Points and Authorities in Support, and its legal basis, and requested that Plaintiffs' counsel agree to this Motion. Plaintiffs are opposed to this Motion.

s/ Erika L. Gustafson

_____
Erika L. Gustafson


## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was electronically filed this 30th day of April, 2007. Notice of this filing will be sent to the following persons through the Court's electronic filing system:

Peter R. Silverman
psilverman@slk-law.com
James H. O'Doherty
jodoherty@slk-law.com
Shumaker, Loop & Kendrick, L.L.P.
1000 Jackson
Toledo, OH 43604
419-241-9000
419-241-6894 Fax
Attorneys for Plaintiffs

s/  Erika L. Gustafson

_____
Erika L. Gustafson

**DEFENDANT'S MOTION TO DISMISS UNDER F.R.C.P. 12(b)(1)-(3)**            **6**
**AND (6) OR IN THE ALTERNATIVE TRANSFER VENUE AND COMPEL**
**ARBITRATION**

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **ROBERT MOHR and KSG OF OHIO, L.L.C.,** | § § | **CASE NO.  3:2007-cv-01004** **Judge: James G. Carr** |
| **Plaintiffs,** | § § | |
| **Vs.** | § § | |
| | § § | **DEFENDANT'S** **MEMORANDUM OF** |
| | § § | **POINTS AND** **AUTHORITIES IN SUPPORT** |
| | § | **OF ITS MOTION TO** |
| **KOKOPELLI FRANCHISE COMPANY,** | § | **DISMISS UNDER F.R.C.P.** |
| **L.L.C.,** | § § | **12(b)(1)-(3) and (6) OR IN THE** **ALTERNATIVE TRANSFER** |
| **Defendant.** | § § | **VENUE AND COMPEL** **ARBITRATION** |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS UNDER F.R.C.P. 12(b)(1)-(3) AND (6)OR IN THE ALTERNATIVE TRANSFER VENUE AND COMPEL ARBITRATION**

<u>**TABLE OF AUTHORITIES**</u>

**PAGE**

**Statutes**

*Federal Rules of Civil Procedure 12(b)(1)*...........................................................................1

*Federal Rules of Civil Procedure 12(b)(2)*.................................................................1, 8, 10

*Federal Rules of Civil Procedure 12(b)(3)*.....................................................................1, 11

*Federal Rules of Civil Procedure 12(b)(6)*......................................................................1, 8

9 U.S.C. § 1 et seq.............................................................................................................2

28 U.S.C. § 1332...............................................................................................................10

28 U.S.C. § 1391(a).....................................................................................................10, 11

28 U.S.C. § 1404(a)...........................................................................................................12

**Cases**

*Adika v. Smith*, 466 F.3d 503, 2006 Fed.App. 0391P (6th Cir. 2006)................................7

*Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)......................4

*AT&T Techs., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 650 (1986)...........3

*Begala v. PNC Bank, Ohio, Nat'l Assn.*, 214 F.3d 776, 779 (6th Cir. 2000)......................6

*Bell v. Hood*, 327 U.S. 678, 682 (1946)..............................................................................1

*Burger King Corp. v. Rudzewicz*, 471 U.S. 474 (1985)....................................................10

*Cincinnati Gas & Elec. Co. v. Benjamin F. Shaw Co.*,
    706 F.2d 155, 160 (6th Cir.1983)................................................................................3

*Clintonville Service Center v. Monaco Coach Corp.*,
    No. 2:06 CV 295 (S.D.Ohio 2007).........................................................................13

*Data Disc, Inc. v. Sys. Tech. Assocs.*, 557 F.2d 1280, 1285 (9th Cir. 1977)......................9

*Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985)....................................2, 15

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN**   **i**
**SUPPORT OF ITS MOTION TO DISMISS UNDER F.R.C.P. 12(b)(1)-(3) AND**
**(6) OR IN THE ALTERNATIVE TRANSFER VENUE AND COMPEL**
**ARBITRATION**

**PAGE**

*Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000).............................4

*Highlands Wellmont Health Network, Inc. v. John Deere Health Plan, Inc.,*
    350 F.3d 568, 576-77 (6th Cir. 2003).................................3, 4

*Internat'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)..........................10

*Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 8789 (3d Cir.1995)....................13

*Kerobo v. Southwestern Clean Fuels, Corp.*, 285 F.3d 531, 537-38 (6th Cir. 2002)........14

*Management Recruiters Int'l, Inc. v. Bloor*, 129 F.3d 851 (6th Cir. 1997)........................2

*Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 626-27 (6th Cir. 2004)......................2

*Miller v. Progressive Casualty Ins. Co.*, 69 Ohio St.3d 619, 624 (1994)...........................6

*Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990)............1

*Morgan v. Biro Manufacturing Co., Inc.*, 15 Ohio St.3d 339, 342 (1984)........................7

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).................2

*Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 888 (6th Cir. 2002).................10

*Ohayon v. Safeco Ins. Co.*, 91 Ohio St.3d 474, 477 (2001)..................................8

*SKY Tech. Partners, LLC v. Midwest Research Inst.,*
    125 F. Supp 2d 286, 291 (S.D. Ohio 2000).........................................12

*Southland Corp. v. Keating*, 465 U.S. 1, 7 (1984)................................................4

*Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988)..........................12, 14

*Tobin v. Astra Pharm. Prod., Inc.*, 993 F.2d 528, 543 (6th Cir. 1993)...............................8

*Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)...............................................12

*Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir. 1980)..........................................9

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS UNDER F.R.C.P. 12(b)(1)-(3) AND (6) OR IN THE ALTERNATIVE TRANSFER VENUE AND COMPEL ARBITRATION**    **ii**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Kokopelli Franchise Company, L.L.C. ["Defendant"] with its Memorandum of Points and Authorities in Support of its Motion to Dismiss Under F.R.C.P. 12(b)(1)-(3) and (6), Or, In the Alternative Transfer Venue and Compel Arbitration, and would respectfully show the Court as follows:

## I.  DISMISSAL OF THIS ACTION IS PROPER UNDER F.R.C.P. 12(b)(1)-(3) and (6)

A motion asserting the defenses of lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, or failure to state a claim upon which relief may be granted may be made before the time required for filing a responsive pleading. *See F.R.C.P. 12(b).*

### A.  LACK OF SUBJECT MATTER JURISDICTION

Where a defendant brings a motion to dismiss on multiple grounds under Federal Rule of Civil Procedure 12, courts are " bound to consider the 12(b)(1) motion first, since the [alternative] challenge[s] become[] moot if th[e] court lacks subject matter jurisdiction." *See Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990) (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

#### 1.  The Parties Have Contractually Agreed to Arizona Choice of Law and Choice of Forum

Plaintiffs' claims arise out of a Franchise Agreement and an Area Development Agreement executed by the parties on October 15, 2004 [collectively the "Agreements"]. The Agreements contain provisions that both parties irrevocably submit to the jurisdiction of the courts of Maricopa County, Arizona with respect to any action by either party against the other, and that Arizona law governs all claims between the

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS UNDER F.R.C.P. 12(b)(1)-(3) and (6), OR IN THE ALTERNATIVE TRANSFER VENUE AND COMPEL ARBITRATION**

1

parties.  *See Exhibit A, Pages 6-7; Exhibit B, Page 4.*   Pursuant to these provisions Plaintiffs have irrevocably agreed to submit to the jurisdiction of the local, state, and federal courts of Arizona, with regard to any litigation between the parties, and this Court lacks subject matter jurisdiction over the issues contained in Plaintiffs' Complaint.

### 2.      The Parties Have Contracted to Arbitrate All Contract Disputes in Arizona

The Agreements contain valid, enforceable, and irrevocable arbitration provisions pursuant to which the parties agreed that all contract disputes will be resolved by Arbitration under the Federal Arbitration Act ["FAA"], before the American Arbitration Association, in Maricopa County, Arizona.  *See Exhibit A, Pages 7-8; Exhibit B, Pages 4-5.*  The Federal Arbitration Act, 9 U.S.C. § 1 et seq., provides that arbitration clauses in commercial contracts "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  *See 9 U.S.C. § 2.* "By its terms, the Act leaves no room for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."  *See Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (citing 9 U.S.C. § 3). The FAA "manifests 'a liberal federal policy favoring arbitration agreements.'"  *See Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 626-27 (6th Cir. 2004) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).

In *Management Recruiters Int'l, Inc. v. Bloor*, 129 F.3d 851 (6th Cir. 1997), the Sixth Circuit recognized that state law cannot impose burdens on the forum selected by an arbitration agreement: The Supreme Court has held that, under Section 2 [of the FAA],

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS UNDER F.R.C.P. 12(b)(1)-(3) and (6), OR IN THE ALTERNATIVE TRANSFER VENUE AND COMPEL ARBITRATION**                    2

the forum expectations of parties to an arbitration agreement as reflected in a written

agreement may not be upset by state law. A state [law], in which out-of-state forum-

selection provisions are deemed inherently unconscionable, would be especially

problematic in view of the Supreme Court's holding that a court "may not rely on the

uniqueness of an agreement to arbitrate as a basis for a state-law holding that

enforcement would be unconscionable, for this would enable the court to effect what . . .

the state legislature cannot." *Id*.,at 856.

  When a contract contains an arbitration clause, there is a general presumption of

arbitrability, and any doubts are to be resolved in favor of arbitration "unless it may be

said with positive assurance that the arbitration clause is not susceptible of an

interpretation that covers the asserted dispute." *See AT&T Techs., Inc. v.*

*Communications Workers of Am.*, 475 U.S. 643, 650 (1986). Where the arbitration clause

is broad, only an express provision excluding a specific dispute, or "the most forceful

evidence of a purpose to exclude the claim from arbitration," will remove the dispute

from consideration by the arbitrators, and "any doubts must be resolved in favor of

arbitration." *See Highlands Wellmont Health Network, Inc. v. John Deere Health Plan,*

*Inc.,* 350 F.3d 568, 576-77 (6th Cir. 2003). The Sixth Circuit has held that "an

arbitration clause requiring arbitration of any dispute arising out of an agreement is

'extremely broad.'" *See Cincinnati Gas & Elec. Co. v. Benjamin F. Shaw Co.*, 706 F.2d

155, 160 (6th Cir.1983)). The Agreements indicate that all contract disputes between the

parties are to be resolved by arbitration, a clause which broadly covers all of Plaintiffs'

claims alleged in the Complaint. All of Plaintiffs' claims are directly related to the

relationship and duties created by the Agreements, or otherwise constitute contract

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN**  3
**SUPPORT OF ITS MOTION TO DISMISS UNDER F.R.C.P. 12(b)(1)-(3) and**
**(6), OR IN THE ALTERNATIVE TRANSFER VENUE AND COMPEL**
**ARBITRATION**

disputes.  *See Highlands Wellmont*, 350 F.3d at 578 (a claim that a contract is voidable because it was fraudulently induced arises out of a contract).  Parties to an arbitration agreement cannot be allowed "to ignore the contract and resort to the courts" as "[s]uch a course could lead to prolonged litigation, one of the very risks the parties, by contracting for arbitration, sought to eliminate."  *See Southland Corp. v. Keating*, 465 U.S. 1, 7 (1984).

Plaintiffs' Complaint must be dismissed, as all of the claims raised by Plaintiffs arise out of the Agreements which contain irrevocable agreements to arbitrate all contract disputes in Maricopa County, Arizona, and this Court lacks subject matter jurisdiction over Plaintiffs' claims.  "'The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration.'"  *See Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000) (quoting *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)).

### 3.    The Parties Are In Pending Litigation in Arizona Regarding the Same or Similar Issues

The parties are currently in Arbitration proceeding before the American Arbitration Association; Case No. 76 114 00327 06 JEEN, in Maricopa County, Arizona ["Arizona Arbitration"].  Plaintiffs have submitted to the jurisdiction and venue in the Arizona Arbitration.  Defendant filed its original Demand for Arbitration on December 4, 2006, alleging breach of contract claims.  Plaintiffs filed their Response to Claimants Claims and Demand for Arbitration on January 9, 2007, alleging counterclaims for Breach of Contract, Fraud and Misrepresentation, Tortious Interference with a Contract/Expectancy, Breach of Fiduciary Duty, and Harassment (Plaintiffs' claims were

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS UNDER F.R.C.P. 12(b)(1)-(3) and (6), OR IN THE ALTERNATIVE TRANSFER VENUE AND COMPEL ARBITRATION**                                                        4

dismissed for failure to pay the correct fee). The parties each selected a neutral arbitrator, and a panel is now in place to hear the matter. A preliminary conference was held on March 29, 2007, during which the parties agreed to a time to file amended claims and counterclaims. Defendant filed an Amended Petition on April 11, 2007, alleging multiple breaches of contract (the Agreements at issue herein), Tortious Interference With Contractual Relations and Business Expectancies, and Fraudulent Inducement and Misrepresentation. Defendant also filed a Motion to Join Additional Parties on April 11, 2007, to join Plaintiff Robert Mohr as a Defendant, based upon his status as a Guarantor of the Franchise Agreement. Plaintiffs have until April 30, 2007 to file their Amended Answer and any counterclaims. Plaintiff has not submitted any challenge to the jurisdiction and venue in the Arizona Arbitration, and has participated in the proceedings. Further, Plaintiff has brought the same claims as alleged in Plaintiff's Complaint in this case in the Arizona Arbitration, such that this Court lacks subject matter jurisdiction over these issues.

The parties are also currently in litigation in the United States District Court, District of Arizona, Case No. CV-07-00584-DGC ["Arizona Federal Case"]. Defendant originally brought the action in the Superior Court of Arizona, Maricopa County, Case No. CV-2007-003073, obtaining a Temporary Restraining Order restraining Plaintiffs from selling, assigning, or transferring the franchise, which Defendant has alleged violates the Franchise Agreement due to multiple breaches of that Agreement by Plaintiff. Plaintiff appeared in the Superior Court case on March 2, 2007. Plaintiff removed the matter to the United States District Court, District of Arizona on March 16, 2007, alleging that Court had proper jurisdiction and that Court was the proper venue for

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN**                     5
**SUPPORT OF ITS MOTION TO DISMISS UNDER F.R.C.P. 12(b)(1)-(3) and**
**(6), OR IN THE ALTERNATIVE TRANSFER VENUE AND COMPEL**
**ARBITRATION**

the matter to be heard.   Defendant filed its Amended Answer to Plaintiff's Complaint on

April 16, 2007.  A Case Management Conference is currently set for May 25, 2007.  The

Arizona Federal Case concerns the same or related matters as alleged in Plaintiff's

Complaint in this case, and thus this Court lacks subject matter jurisdiction to hear the

claims brought in this case.

### B.  FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

"To survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a complaint must

contain either direct or inferential allegations respecting all the material elements to

sustain recovery under some viable legal theory."  *See Begala v. PNC Bank, Ohio, Nat'l*

*Assn.*, 214 F.3d 776, 779 (6th Cir. 2000).  Plaintiffs' claims fail as a matter of law because

they are time-barred by contractual provisions in the Agreements limiting Plaintiffs to file

suit against Defendant within one year of the event giving rise to the claim or cause of

action.

The Agreements both contain the following provision: Plaintiffs "shall not assert

any claim or cause of action against Company, its officers, directors, shareholders,

employees or affiliates after one (1) year following the event giving rise to such claim or

cause of action."  *See Exhibit A, Page 8 and Exhibit B, Page 5*.  Plaintiffs filed this action

on April 4, 2007.  All of Plaintiffs' claims are time-barred by this contractual provision,

as all events alleged by Plaintiffs which support each of Plaintiffs' claims arose prior to

April 4, 2006.  *See Miller v. Progressive Casualty Ins. Co.* (1994), 69 Ohio St.3d 619,

624. (In the absence of a controlling statute to the contrary, a provision in a contract may

validly limit, as between the parties, the time for bringing an action on such contract to a

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN**                                            6
**SUPPORT OF ITS MOTION TO DISMISS UNDER F.R.C.P. 12(b)(1)-(3) and**
**(6), OR IN THE ALTERNATIVE TRANSFER VENUE AND COMPEL**
**ARBITRATION**

period less than that prescribed in a general statute of limitations provided that the shorter period shall be a reasonable one).  As Plaintiffs' suit is time-barred by the contractual limitation provisions of the Agreements, Plaintiffs' Complaint fails to state a claim upon which this Court can grant relief, and this Court must dismiss the Complaint pursuant to FRCP 12(b)(6).  *See Adika v. Smith*, 466 F.3d 503, 2006 Fed.App. 0391P (6th Cir. 2006).

Plaintiffs further can not state a claim upon which relief can be granted under Ohio law because Arizona law must control all of Plaintiffs' state law causes of action due to the parties' consent in the Agreements that Arizona law governs the Agreements. All of Plaintiffs' claims arise out of the Agreements.  The Agreements clearly state that the Agreements "shall be interpreted and construed under the laws of Arizona, which laws shall prevail in the event of any conflict of law."  *See Exhibit A, Page 6, Exhibit B, Page 4*.  The Ohio Supreme Court has held that, when there is a choice of law question, Ohio courts should perform the balancing test set forth in the Restatement (Second) of Conflict of Laws, beginning with § 146.  *See Morgan v. Biro Manufacturing Co., Inc.*, 15 Ohio St.3d 339, 342 (1984).  Section 146 holds that the state in which the plaintiff incurred the alleged injury will be the state of controlling law unless "another jurisdiction has a more significant relationship to the lawsuit."  *See Id*.  In determining whether another state has a "more significant relationship", relevant factors include: (1) the place of the injury; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation, and place of business of the parties; (4) the place where the relationship between the parties, if any, is located; and (5) any factors under which the court may deem relevant to the litigation.  Under Ohio law, a contractual choice-of-law provision is binding on the parties as long as it is reasonable.

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS UNDER F.R.C.P. 12(b)(1)-(3) and (6), OR IN THE ALTERNATIVE TRANSFER VENUE AND COMPEL ARBITRATION**

7

*See Ohayon v. Safeco Ins. Co.*, 91 Ohio St.3d 474, 477 (2001) ("subject to very limited exceptions, the law of the state chosen by the parties to a contract will govern their contractual rights and duties").  The choice of law provisions are clear that the parties have irrevocably agreed that Arizona law will apply to Plaintiffs' claims.  The acts complained of by Plaintiff, though disputed by Defendant, are claimed to have taken place from Defendant's principal place of business in Arizona.  The Agreements are further clear that the parties understood that their relationship would be developed in Arizona, such that "the parties irrevocably agree and consent that in any action or proceeding brought by either party to this Agreement, each will submit to the exclusive jurisdiction and venue of any local, state, or federal court located in Maricopa County, Arizona.  This provision was reasonable based upon the parties' expectations at the time they entered into the Agreements, and thereafter, based upon the conduct of the parties.  The Agreements clearly contemplated that Arizona law would apply to any conflicts between the parties, and thus Arizona law must control Plaintiffs' state law claims, and this matter should be dismissed under F.R.C.P 12(b)(6).

## C.    LACK OF PERSONAL JURISDICTION

If a district court lacks jurisdiction over the defendants, dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(2). "The burden of establishing jurisdiction is on the Plaintiffs."  *See Tobin v. Astra Pharm. Prod., Inc.*, 993 F.2d 528, 543 (6th Cir. 1993).  Plaintiffs fail to allege in their Complaint that this Court has personal jurisdiction over Defendant.  Further, Plaintiffs' Complaint demonstrates that Defendant had no substantial contact with Plaintiffs in the State of Ohio.  Defendant's actions as alleged by Plaintiffs, although disputed by Defendant, were performed if at all by Defendant from its

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN**          8
**SUPPORT OF ITS MOTION TO DISMISS UNDER F.R.C.P. 12(b)(1)-(3) and**
**(6), OR IN THE ALTERNATIVE TRANSFER VENUE AND COMPEL**
**ARBITRATION**

principal place of business in Phoenix, Arizona.  Plaintiffs allege that two representatives

of Defendant visited with Plaintiffs in the State of Ohio once, during the three year period

of time in which the acts complained of took place, which would be insufficient to

establish minimum contacts with Ohio to support personal jurisdiction over Defendant.

The Agreements were negotiated, drafted, and executed in Arizona, and they clearly

contemplate that the relationship between the parties would be inextricably tied to

Arizona, and thus all disputes between the parties would be resolved in Arizona. The

parties' interactions and transactions under the Agreements took place in Arizona. The

Franchise Agreement clearly indicates that Plaintiffs "acknowledges that Franchisee has

and will continue to develop a substantial and continuing relationship with Franchisor at

its principal offices in the State of Arizona, where Franchisor's decision-making authority

is vested and franchise operations are conducted and supervised. Therefore, the parties

irrevocably agree and consent that in any action or proceeding brought by either party to

this Agreement, each will submit to the exclusive jurisdiction and venue of any local,

state or federal court located in Maricopa County, Arizona."  *See Exhibit A*, *Page 6*. This

provision demonstrates that the parties were aware that the interactions and relationship

between the parties would be performed substantially in Arizona, and that all of

Defendant's operations would be performed in Arizona.

Plaintiffs must "'demonstrate facts which support a finding of jurisdiction in order

to avoid a motion to dismiss.'"  *See Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir. 1980)

(quoting *Data Disc, Inc. v. Sys. Tech. Assocs.*, 557 F.2d 1280, 1285 (9th Cir. 1977)).

Plaintiffs have failed to allege any facts which demonstrate that this Court has personal

jurisdiction over Defendant, an Arizona Limited Liability Company.  A federal court's

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN**       9
**SUPPORT OF ITS MOTION TO DISMISS UNDER F.R.C.P. 12(b)(1)-(3) and**
**(6), OR IN THE ALTERNATIVE TRANSFER VENUE AND COMPEL**
**ARBITRATION**

exercise of jurisdiction over litigants in a diversity of citizenship case must be both "(1) authorized by the law of the state in which it sits, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment." *See Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 888 (6th Cir. 2002). Due process is satisfied if the defendant has "sufficient minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fairplay and substantial justice." *See Internat'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted). In order to support personal jurisdiction over Defendant, Defendant's conduct and connection with the forum must be such that it "should reasonably anticipate being haled into court there." *See Burger King Corp. v. Rudzewicz*, 471 U.S. 474 (1985). The Agreements between the parties clearly contemplated that the nature of the relationship between the parties and the substance of the parties' transactions and actions would take place in Arizona, and that Defendant would conduct its operations with respect to Plaintiffs from Arizona. Defendants transacted its business with Plaintiffs from Arizona, as is evident from Plaintiffs' Complaint. Defendant has no other contacts with the State of Ohio. Defendant could not reasonably anticipate that it would be haled into Ohio Court over allegations arising out of or connected to the Agreements, which clearly contained Arizona choice of forum and choice of law provisions. Plaintiffs have failed to meet their burden of establishing that this Court has personal jurisdiction over Defendant, and Plaintiffs' Complaint should be dismissed under F.R.C.P. 12(b)(2).

### D.    IMPROPER VENUE

Because federal subject matter jurisdiction in this case is based solely on diversity of citizenship under 28 U.S.C. § 1332, venue is governed by 28 U.S.C. § 1391(a), which

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN**     10
**SUPPORT OF ITS MOTION TO DISMISS UNDER F.R.C.P. 12(b)(1)-(3) and**
**(6), OR IN THE ALTERNATIVE TRANSFER VENUE AND COMPEL**
**ARBITRATION**

states: "[a] civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . ., or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a).  Defendant is an Arizona Limited Liability Company, and at all times relevant to this lawsuit, Defendant's principal place of business was in Phoenix, Arizona, until August 2006.   A substantial amount of the events or omissions giving rise to Plaintiffs' claims occurred in Arizona, from Defendant's principal place of business.  Further, the Agreements clearly indicate that Plaintiffs' claims are to be resolved by Arbitration under the rules of the American Arbitration Association, and that the arbitration "shall take place in Maricopa County, Arizona.  Plaintiff KSG of Ohio has already appeared in the Arizona Federal Case and the Arizona Arbitration over claims arising out of the Agreements.  Defendant has filed a pending Motion to Join Additional Parties in the Arizona Arbitration to add Plaintiff Robert Mohr as a Defendant based upon his status as a Guarantor of the Franchise Agreement.  Plaintiffs' claims must clearly be brought in the same venue.  Plaintiffs are attempting to forum-shop for the purpose of harassing Defendant.  This Court is not the proper venue for the claims alleged in Plaintiffs' Complaint, and this suit should be dismissed for improper venue under F.R.C.P. 12(b)(3).

## II.  IN THE ALTERNATIVE, THIS COURT SHOULD TRANSFER VENUE TO ARIZONA AND COMPEL ARBITRATION

Defendant asserts that this matter should be dismissed.  However, in the alternative, Defendant asserts that transfer of venue is proper under 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  *See 28 U.S.C. § 1404(a).* This provision is "intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"  *See Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).   The court must decide whether the proposed transferee court is one where the action might have been brought.  *See SKY Tech. Partners, LLC v. Midwest Research Inst.*, 125 F. Supp 2d 286, 291 (S.D. Ohio 2000).   The court must consider the nature of the suit, the place of the events involved, and the residences of the parties."  *See Id.*  "An action 'might have been brought' in a transferee court if: (1) the court has jurisdiction over the subject matter of the action; (2) venue is proper there; and (3) the defendant is amendable to process issuing out of the transferee court."  *Id.*  Due to the choice of law and choice of forum provisions agreed to by the parties in the Agreements, the local, state, or federal courts, of Maricopa County, Arizona, or the American Arbitration Association with venue in Maricopa County, Arizona have subject matter jurisdiction over Plaintiffs' claims and are the proper venue for this matter to be heard. Defendant is an Arizona Limited Liability Company and amenable to process in Arizona.

The Court should consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum."  *See Clintonville Service Center v. Monaco Coach Corp.*, No. 2:06 CV 295 (S.D.Ohio 03/30/2007) (citing, *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 8789 (3d Cir.1995).  The relevant private and public factors include (1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition (5) the convenience of the witnesses who may be unavailable; (6) the location of books and records relevant to the suit; (7) the enforceability of the judgment; (8) practical considerations that could make the trial easy, expeditious, or inexpensive (9) the relative administrative difficulty in the two forum resulting from court congestion; (10) the local interest in deciding local controversies at home; (11) the public policies of the forum; and (12) the familiarity of the trial judge with the applicable state law in diversity cases.  *See Id*.

Both parties irrevocably agreed to venue in Maricopa County, Arizona as being the most convenient and preferable forum.  *See Exhibit A*, *Page 6*.  The bases of Plaintiffs' claims are related to actions taken by Defendant in Arizona, and the parties' relationship was conducted in Arizona.  The witnesses who will be called in this case include, past and present officers and representatives of Defendant, residing in Arizona and Texas, and past officers and representatives of American Restaurant Development Corporation, and Creative Eateries Corporation, which have their principal place of business in Arizona, and Franchise Capital Corporation, which has its principal place of business in California.  These witnesses may also be called to testify on the same matters

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN**          13
**SUPPORT OF ITS MOTION TO DISMISS UNDER F.R.C.P. 12(b)(1)-(3) and**
**(6), OR IN THE ALTERNATIVE TRANSFER VENUE AND COMPEL**
**ARBITRATION**

in the pending Arizona Federal Case and the Arizona Arbitration.  Further, it is more convenient to both parties and witnesses to resolve all issues in the pending Arizona Federal Case and the Arizona Arbitration.  Documents and other evidence relevant to this case, such as the agreements between the parties, the correspondence sent between the parties, logs of telephone calls, and logs of travel and actions taken by Defendant's representatives are located at the offices of Defendant in Texas, the offices of American Restaurant Corporation, and Creative Eateries Corporation in Arizona, or Franchise Capital Corporation in California.  Plaintiffs have ample means to appear in Arizona to litigate this matter, and are not financially burdened by transfer of venue.  The Franchise Agreement indicates that Arizona law governs the contracts without regard to conflict of law rules, and thus Plaintiff's state law claims must be decided under Arizona law.  As all of Plaintiffs' claims arise out of the Agreements, venue in Arizona is proper as that forum is the most familiar with Arizona law which applies in this case.

The Supreme Court has directed that in evaluating a motion for transfer of venue, courts also consider whether the parties agreed to an enforceable forum selection clause. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988); *Kerobo v. Southwestern Clean Fuels, Corp.*, 285 F.3d 531, 537-38 (6th Cir. 2002). In Stewart, the Supreme Court held that "federal law, specifically 28 U.S.C. § 1404(a), governs the District Court's decision whether to give effect to the parties' forum-selection clause and transfer [the] case." *See Stewart*, 487 U.S. at 32.  Venue should be transferred to arbitration or in the alternative to the local, state, or federal courts in Maricopa County, Arizona pursuant to the forum-selection clauses contained in the Agreements.

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN**                   14
**SUPPORT OF ITS MOTION TO DISMISS UNDER F.R.C.P. 12(b)(1)-(3) and**
**(6), OR IN THE ALTERNATIVE TRANSFER VENUE AND COMPEL**
**ARBITRATION**

Venue should be transferred to arbitration or in the alternative to the local, state, or federal courts in Maricopa County, Arizona pursuant to the forum-selection clause and choice of law provision contained in the Agreements, and due to the fact that the parties are already in pending litigation over the same matters in the Arizona Federal Case and the Arizona Arbitration.  Plaintiffs allege that venue is proper in Ohio because Plaintiffs' restaurant is located in Ohio.  However, Plaintiffs' claims are not related to issues concerning real property, and in rem jurisdiction is not at issue in this case.  Further, none of the relief requested by Plaintiffs relates to real property.

Venue is proper in Maricopa County, Arizona pursuant to the Agreements between the parties, and because it is the most convenient, efficient, and just forum for disposition of this matter, and because the parties have irrevocably agreed to litigate all claims between them in Maricopa County, Arizona.  Thus, this Court should properly transfer venue to Arizona and compel Arbitration pursuant to the arbitration agreements of the parties.  *See Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (citing 9 U.S.C. § 3).

## III.    CONCLUSION

This Court lacks subject matter jurisdiction over the claims alleged, and personal jurisdiction over Defendant.  The parties have contractually agreed to Arizona choice of law and venue, and are currently in litigation in Arizona, and this Court is the improper venue for Plaintiffs' claims.  Plaintiffs' claims are time-barred and Arizona law applies to all of Plaintiffs' claims such that this Court may not grant relief.  Defendant motions the Court to dismiss Plaintiffs' claims or, alternatively this transfer venue to Arizona and compel arbitration of Plaintiffs' claims.

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN**          15
**SUPPORT OF ITS MOTION TO DISMISS UNDER F.R.C.P. 12(b)(1)-(3) and**
**(6), OR IN THE ALTERNATIVE TRANSFER VENUE AND COMPEL**
**ARBITRATION**

Respectfully submitted,


s/  Erika L. Gustafson

_____

Erika L. Gustafson
Corporate Counsel
Kokopelli Franchise Company, L.L.C.
2808 Cole Ave.
Dallas, Texas 75204
(972) 514-9111
(214) 485-2091 Fax
erikagustafson@gmail.com
Tx Bar No. 24050701

Attorney for Defendant

## CERTIFICATION UNDER LOCAL RULE 7.1

I certify that this memorandum adheres to the page limitations set forth in Local

Rule 7.1(f), and that this case has not been assigned to a specific track which requires

certification.

s/ Erika L. Gustafson

## CERTIFICATE OF CONFERENCE

Counsel for the Defendant conferred with Counsel for Plaintiffs on April 20,

2007, during which counsel for the Defendant explained the nature of this Motion and

Memorandum of Points and Authorities in Support, and its legal basis, and requested that

Plaintiffs' counsel agree to this Motion. Plaintiffs are opposed to this Motion.

s/ Erika L. Gustafson

_____

Erika L. Gustafson


**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN**      16
**SUPPORT OF ITS MOTION TO DISMISS UNDER F.R.C.P. 12(b)(1)-(3) and**
**(6), OR IN THE ALTERNATIVE TRANSFER VENUE AND COMPEL**
**ARBITRATION**

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was electronically filed this 30th day

of April, 2007. Notice of this filing will be sent to the following persons through the

Court's electronic filing system:

Peter R. Silverman
psilverman@slk-law.com
James H. O'Doherty
jodoherty@slk-law.com
Shumaker, Loop & Kendrick, L.L.P.
1000 Jackson
Toledo, OH 43604
419-241-9000
419-241-6894 Fax
Attorneys for Plaintiffs

s/ Erika L. Gustafson
_____
Erika L. Gustafson

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN**    17
**SUPPORT OF ITS MOTION TO DISMISS UNDER F.R.C.P. 12(b)(1)-(3) and**
**(6), OR IN THE ALTERNATIVE TRANSFER VENUE AND COMPEL**
**ARBITRATION**