IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Robert Mohr, et al.,                                     Case No. 3:07 CV 1004

                              Plaintiffs,               MEMORANDUM OPINION
                                                        AND ORDER

                    -vs-
                                                        JUDGE JACK ZOUHARY
Kokopelli Franchise Company, LLC,

                              Defendant.


        This matter is before the Court on Defendant's Motion to Dismiss Under Rule 12(B)(1)-(3)

and (6) or in the Alternative Transfer Venue and Compel Arbitration (Doc. No. 7).  Defendant argues

the Court lacks subject matter jurisdiction and personal jurisdiction, and that the venue is improper.

### SUBJECT MATTER JURISDICTION

        The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332

because the action is between citizens of different states and the amount in controversy exceeds

$75,000 exclusive of interest and costs. 28 U.S.C. § 1332(a).

### PERSONAL JURISDICTION

        The Court also has personal jurisdiction.  On a motion to dismiss for lack of personal

jurisdiction, the Court treats the allegations contained in the complaint, affidavits, and depositions as

true, and resolves any factual dispute in plaintiff's favor.  *Welsh v. Gibbs*, 631 F.2d 436, 438-39 (6th

Cir. 1980), *cert. denied*, 450 U.S. 981 (1981); *Gold Circle Stores v. Body Maven, Inc*., 711 F. Supp.

897, 899 (S.D. Ohio 1988).

The Court engages in a two-step process in determining whether it has *in personam* jurisdiction over Defendant.  A federal district court has jurisdiction over any person "who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located."  Fed. R. Civ. P. (4)(k)(1)(A).  If state law grants the Court *in personam* jurisdiction, the Court must then determine whether such jurisdiction comports with the due process requirements of the United States Constitution.  Due process requires that Defendant "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation and citation omitted).

The Ohio long-arm statute provides for jurisdiction over a person when the person transacts any business in the state. Ohio Rev. Code § 2307.382(A).  The Ohio Supreme Court has broadly interpreted the term "transacting business" for purposes of personal jurisdiction as follows:

> "Transact," as defined by Black's Law Dictionary (5 Ed.1979) 1341, "* * * means to prosecute negotiations; to carry on business; to have dealings * * *.  The word embraces in its meaning the carrying on or prosecution of business negotiations but it is a broader term than the word 'contract' and may involve business negotiations which have been either wholly or partly brought to a conclusion * * *."  (Emphasis added.)

*Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.*, 53 Ohio St. 3d 73, 75 (1990), cert. denied, 499 U.S. 975 (1991) (emphasis in original). Moreover, "personal jurisdiction does not require physical presence in the forum state." *Goldstein v. Christiansen*, 70 Ohio St.3d 232, 236 (1994).  Entering into a contract falls within the broader term "transacting business."  Therefore, the contracts between the parties (Doc. No. 7, Exs. A, B) constitute "transacting business" as that term is used in Ohio's long-arm statute.  *See Douglas v. Modern Aero, Inc.*, 954 F. Supp. 1206, 1210-11 (N.D. Ohio 1999).

2

The Court must next determine whether such jurisdiction comports with the due process requirements of the United States Constitution.  Due process requires that Defendant "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Int'l Shoe Co.*, 326 U.S. at 316 (internal quotation and citation omitted).

The Sixth Circuit has set forth a three-part test to determine whether a non-resident defendant has had sufficient contacts with a forum to support personal jurisdiction:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Southern Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 380 (6th Cir. 1968).  Purposeful availment may be satisfied through phone calls or facsimiles when they form the basis for the action. *Neal v. Janssen*, 270 F.3d 328, 332 (6th Cir. 2001) (it is the quality, not the quantity, of the actions that determines purposeful availment).  Here, Defendant sent emails, documents, royalty payments and reports to Plaintiffs in Ohio, made phone calls to Plaintiffs in Ohio, and sent numerous franchisees, officers and directors to Ohio to visit the restaurant.  Additionally, various contracts and a transfer of ownership were signed by Plaintiffs in Ohio.  These communications form the basis of Plaintiffs' claims, and the Court finds Defendant's actions are sufficient to establish "purposeful availment."

The second part of the *Mohasco* test is also met because, as noted above, the communications between Plaintiffs and Defendant are at the heart of Plaintiffs' claims for violation of Ohio's Business Opportunity Purchasers Protection Act, violation of Ohio's Deceptive Sales Practices Act, fraud,

negligent misrepresentation, and fraud by omission (Compl. 9-13). *See Neal*, 270 F.3d at 333 ("when a foreign defendant purposefully directs communications into the forum that cause injury within the forum, and those communications form the 'heart' of the cause of action, personal jurisdiction may be present over that defendant without defendant's presence in the state.").

Finally, the Court finds the amount and type of contacts within the forum are substantial enough to make jurisdiction over Defendant reasonable.  Defendant had fair notice that it may be subject to suit in Ohio; jurisdiction in Ohio would not be fundamentally unfair. Therefore, maintenance of this lawsuit does not offend traditional notions of fair play and substantial justice.

## VENUE

Defendant asserts venue is improper under 28 U.S.C. § 1391 because: (1) Defendant's residence, as a limited liability company, is Arizona; (2) all Defendant's business transactions were in Arizona; and (3) lack of personal jurisdiction.  Venue, however, is proper under 28 U.S.C. § 1391 when the action is brought within a judicial district where any defendant resides.  A limited liability company is included as a "corporation" as defined in 28 U.S.C. 1391(c) which states: "a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." *Intuition Consol. Group, Inc. v. Dick Davis Publ'g Co.*, No. 03 Civ. 5063, 2004 WL 594651 (S.D.N.Y. Mar. 25, 2004).  Because the Court already determined Defendant is subject to personal jurisdiction, venue is also proper.

## STAY OF PROCEEDINGS PENDING ARBITRATION DECISION

This Court has the power to stay further proceedings in this matter pending the outcome of the proceedings in Case No. CV-07-00584-DGC in the United States District Court, District of Arizona, and/or in arbitration.  *See, e.g., Air Line Pilots Assoc. v. Miller*, 523 U.S. 866, 876 n. 6 (1998) ("Our

4

recognition of the right of objectors to proceed directly to court does not detract from district courts' discretion to defer discovery or other proceedings pending the prompt conclusion of arbitration."); *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."); *Albert M. Higley Co. v. N/S Corp.*, 445 F.3d 861, 863 (6th Cir. 2006) (recognizing "the large number of cases from the Supreme Court encouraging arbitration in a wide variety of contexts and emphasizing the federal policy in favor of arbitration.").  The Court finds a stay pending the outcome of the Arizona proceedings is appropriate and is in the interest of judicial economy.  It is not beneficial for the parties to be litigating the same and related issues in three different forums.

Accordingly, Defendant's Motion (Doc. No. 7) is DENIED, and further proceedings are stayed.  The Case Management Conference scheduled for Friday, August 17, 2007 is cancelled. Parties are to notify the Court upon the conclusion, by settlement or otherwise, of these related actions and request either a dismissal of this lawsuit or a status conference for purposes of reactivating this lawsuit.

IT IS SO ORDERED.

        *s/ Jack Zouhary*
        JACK ZOUHARY
        U. S. DISTRICT JUDGE

        August 15, 2007

5